IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGGIE ORLAND RUFFIN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-00315-N (BT) |
| | § | |
| FRITO-LAY NORTH AMERICA, | § | |
| INC., | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Reggie Ruffin filed this *pro se* action seeking damages for the wrongful death of his father, Jimmie Lee Ruffin, a former employee of Defendant Frito-Lay North America., Inc. *See* Compl. (ECF No. 3). The Court granted Plaintiff leave to proceed *in forma pauperis* but withheld issuance of process pending judicial screening. Ord. (ECF No. 6). For the reasons stated, the Court should dismiss Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).

I.

Plaintiff, a Texas resident, alleges that he is the surviving son of Jimmie Lee Ruffin, who died of lung cancer on July 4, 2010. Plaintiff claims that Jimmie Lee Ruffin was employed from 1974 until 1999 by Frito-Lay North America, Inc., a Delaware corporation, at its Jackson, Mississippi location as a machine operator and pest control worker. At the time of his diagnosis and death, no link was made between Jimmie Lee Ruffin's cancer and his work at Frito-Lay.

1

On or about July 1, 2018, Plaintiff discovered that Frito-Lay has a long history of lawsuits against it related to workers having negative health effects from exposure to asbestos, pest control chemicals, and other toxic substances at its Plano, Texas location. Plaintiff contends that, after further investigation, he discovered that his father's lung cancer was in all probability a result of exposure to toxic substances while working for Frito-Lay. Finally, Plaintiff asserts that during much of the period that his father worked at Frito-Lay, Frito-Lay was aware of the toxic nature of the chemicals to which its workers were exposed.[1]

Based on these allegations, Plaintiff asserts a wrongful death action against Frito-Lay. Plaintiff seeks damages for the lost earning capacity of his father; the loss of inheritance he would reasonably have been expected to receive if his father had survived; the loss of companionship, society, comfort, and love of his father; emotional pain and mental anguish; and exemplary damages.

## II.

Under 28 U.S.C. § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks

---

[1] Plaintiff also attached a variety of documents to his Complaint, including a summary judgment order from an unrelated Southern District of Mississippi case against Frito-Lay involving claims of racial discrimination, an article concerning occupational pesticide exposure and cancer risk, material from a law firm website discussing potential exposure of Frito-Lay truck mechanics to asbestos, and some of Jimmy Lee Ruffin's medical records from June and July 2010. While the Court has reviewed all of Plaintiff's submissions, they do not alter its findings or analysis.

monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A plaintiff's claims may also be dismissed for failure to state a claim if it is clear from the face of the complaint that the claim is barred by the applicable statute of limitations. *See, e.g., Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (failure to state a claim); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (dismissal as frivolous).

Further, this Court, sitting in diversity jurisdiction, must apply the substantive law of the forum state and federal procedural law. *Rosenberg v. Celotox Corp.*, 767 F.2d 197, 199 (5th Cir. 1985) (citations omitted). State substantive law includes a state's conflict of law rules. *Id.* (citing *Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941)). Additionally, in diversity actions, courts should apply both state statutes of limitation, as well as accompanying tolling rules. *Vaught v. Showa Denko K.K.*, 107 F.3d 1137, 1145 (5th Cir. 1997) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750-53 (1980)).

III.

Here, it is evident from the face of the complaint that the statute of limitations has run on Plaintiff's wrongful death claim (and, to the extent pleaded, his survival claim), and dismissal is appropriate on that basis.

Under the Texas Wrongful Death Statute, a person who causes the death of another person because of his or her "wrongful act, neglect, carelessness, unskillfulness, or default is liable for damages." Tex. Civ. Prac. & Rem. Code § 71.002(b). The Texas Survival Statute allows a personal injury survival action "in favor of the heirs, legal representatives, and estate of the injured person." Tex. Civ. Prac. & Rem. Code § 71.021(b).

"Wrongful death and survival claims are also subject to a two-year statute of limitations period that begins on 'the death of the injured person.'" *Estate of King v. Polk Cty.*, 2020 WL 1510292, at *4 (E.D. Tex. Mar. 30, 2020) (citing Tex. Civ. Prac. & Rem. Code § 16.003). Section 16.003 of the Texas Civil Practice and Remedies Code specifically provides:

(a)     Except as provided by Sections 16.010, 16.0031, and 16.0045, a person must bring suit for trespass for injury to the estate or the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues.

(b)     A person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death. The cause of action accrues on the death of the injured person.

Tex. Civ. Prac. & Rem. Code § 16.003.

Also potentially applicable to the statute of limitations analysis is Section 16.0031 of the Texas Civil Practice and Remedies Code, which applies to "asbestos-related or silica-related injuries," and provides in pertinent part that:

> (a)    In an action for personal injury or death resulting from an asbestos-related injury, as defined by Section 90.001, the cause of action accrues for purposes of Section 16.003 on the earlier of the following dates:
>
> (1)    The date of the exposed person's death; or
>
> (2)    The date that the claimant serves on a defendant a report complying with Section 90.003 or 90.010(f).

Tex. Civ. Prac. & Rem. Code § 16.0031(a).

Under either statute, Plaintiff's claims stemming from his father's death are time-barred. Plaintiff's father died on July 4, 2010. But Plaintiff did not bring this suit until February 2020. Section 16.003 is clear that a cause of action for injury resulting in death begins to accrue on the decedent's date of death, and suit must be filed within two years of that date. And in the case of Section 16.0031, the cause of action accrues on the earlier of the date of death or the date that the claimant serves the defendant with a statutorily-compliant report. Thus, Plaintiff's actions stemming from his father's death accrued, at the latest, on July 4, 2010. Yet, Plaintiff failed to file suit until February 2020—more than *nine years later*.

This is the case even though Plaintiff alleges that no link was made between his father's death and exposure to toxic substances until 2018. For purposes of the application of limitation statutes, a cause of action generally accrues when the

wrongful act effects an injury, regardless of when the plaintiff learned of such an injury. *Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex. 1977). The so-called "discovery rule" is an exception to this general rule of accrual. *Id.* at 19. "When applied, the [discovery] rule operates to toll the running of the period of limitations until the time that the plaintiff discovers, or through the exercise of reasonable care and diligence should discover, the nature of his injury." *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990) (citation omitted).

But in *Moreno*, the Texas Supreme Court unequivocally held that the discovery rule has no application to Section 16.003(b). This is because Section 16.003(b) specifically states that an action for injury resulting in death accrues on the date of death of the injured person, whereas, section 16.003(a) leaves the accrual date undefined for actions not resulting in death. *Id.* at 354. ("[Section 16.003(b)] unambiguously specifies one event—death—and only that one event as the date upon which the action accrues. By specifying that date, the legislature has foreclosed judicial application of the discovery rule.").

Like Section 16.003, Section 16.0031 also specifically defines the date of accrual—this time as the earlier of the date of death or the date that the claimant serves on the defendant a report complying with Section 90.003 or 90.010(f). Thus, under *Moreno*, the discovery rule has no application to Section 16.0031, either. Nor does Plaintiff plead facts from which the Court could determine that some other basis for statutory tolling—such as insanity or minority—applies. *See* Tex. Civ. Prac. & Rem. Code § 16.001(a).

6

Finally, the result is the same even though Frito-Lay's conduct may have occurred in Mississippi. Section 71.031 of the Texas Civil Practice and Remedies Code provides:

> (a)    An action for damages for the death or personal injury of a citizen of this state, of the United States, or of a foreign country may be enforced in the courts of this state, although the wrongful act, neglect, or default causing the death or injury takes place in a foreign state or country, if:
>
> > (1)    A law of the foreign state or country or of this state gives a right to maintain an action for damages for the death or injury;
> >
> > (2)    The action is begun in this state within the time provided by the laws of this state for beginning the action;
> >
> > (3)    For a resident of a foreign state or country, the action is begun in this state within the time provided by the laws of the foreign state or country in which the wrongful act, neglect, or default took place; and
> >
> > (4)    In the case of a citizen of a foreign country, the country has equal treaty rights with the United States on behalf of its citizens.

Tex. Civ. Prac & Rem. Code § 71.031(a)(1)-(4). Section 71.031 is a codified choice-of-law provision. *See, e.g., Burdett v. Remington Arms Co., L.L.C.*, 854 F.3d 733, 736 (5th Cir. 2017) (citing *Owens Corning v. Carter*, 997 S.W.2d 560 (Tex. 1999)). Further, section 71.031 applies with full force in federal court. *Id.*; *see also Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 511-14 (5th Cir. 2007).

Essentially, the statute does what its plain language suggests: it ensures that anyone bringing a suit in Texas for death or personal injury due to a wrongful act, neglect, or default that occurs elsewhere must nonetheless satisfy the pertinent Texas statute of limitations. *See generally Oubre v. Schlumberger Lmtd.*, 2016 WL 5334627, at *5 (S.D. Tex. Sept. 23, 2016). And a resident of a foreign state or country must also satisfy the statute of limitations of their home state or country. Thus, although the tortious conduct here allegedly occurred here in Mississippi, Plaintiff must still satisfy the applicable Texas statute of limitations to maintain the suit. For the reasons discussed above he failed to do so.

In sum, Plaintiff's wrongful death (and, to the extent pleaded, his survival action) is time-barred under Texas law.

IV.

The Court should DISMISS Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).[2]

December 31, 2020.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court need not grant leave to amend here, as amendment would be futile. *See Machetta v. Moren*, 726 F. App'x 219, 220, n. 1 (5th Cir. 2018) (no basis to permit plaintiff to amend complaint when amendment would be futile).

8

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).